UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX BRIZUELA, | ) | CIVIL ACTION NO. 1:22-CV-1249 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| FEDERATION OF STATE MEDICAL | ) | |
| BOARDS, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

On August 10, 2022, Dr. Felix Brizuela lodged four separate complaints here in the Middle District of Pennsylvania. On August 11, 2022, he lodged another. All five complaints arrived by mail. They are:

1. Brizuela v. Federation of State Medical Boards, 1:22-cv-1249-WIA;

2. Brizuela v. Sarah Wagner, 1:22-cv-1250-WIA;

3. Brizuela v. Douglas Saghrue, 1:22-cv-1251-WIA;

4. Brizuela v. Michael DeRiso, 1:22-cv-1252-WIA; and,

5. Brizuela v. WVU Medical Center, 1:22-cv-1257-WIA.

Each complaint was accompanied by an application for leave to proceed *in forma pauperis* ("IFP"). This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants seeking leave to proceed *in forma pauperis*. *E.g.,* 28 U.S.C. § 1915(e)(2).

After careful review of the five complaints, I find that none of them have any connection to the Middle District of Pennsylvania. Accordingly, the cases will be transferred to a court with at least plausible venue for further proceedings. I have prepared one opinion for all five cases. I have not ruled on the IFP requests or conducted a full screening on the merits. Those tasks should be done in the proper venue.

In summary, Dr. Brizuela alleges that he was a successful practicing physician in West Virginia, specializing in neurology and pain management. In 2018 he was criminally prosecuted in two separate cases for abusive prescribing practices and related offenses. After conviction he lost both his West Virginia and Pennsylvania medical licenses. One of his convictions was reversed on appeal by the Fourth Circuit.  However, his felony guilty plea on the other case renders him unable to get his medical licenses back or find employment. With this background he is attempting to sue people and organizations involved in his criminal cases.

In case 1:22-cv-1249-WIA, he alleges that **The Federation of State Medical Boards**, based in Texas, violated of his constitutional rights. He alleges that "medical boards play a large role in the HFPP (health fraud and protection project) who's sole purpose is to lower the threshold for what is considered fraud and abuse allowing for easier prosecution of healthcare professionals." (Doc. 1-1, p.1). His

complaint does not explain what the Federation is or the role the Federation played in his case.

In case 1:22-cv-1250-WIA, he alleges **Sarah Wagner**, an Assistant U.S. Attorney in West Virginia, "ordered a case to be built against me" and is guilty of "malicious prosecution." All of facts alleged in the complaint detail her actions acting as a prosecutor in West Virginia. (Doc. 1-1, pp. 1-3).

In case 1:22-cv-1251-WIA, he alleges that **Douglas Saghrue** served as his attorney in two federal criminal cases in West Virginia. Brizuela alleges that Attorney Saghrue was unethical, racist, concerned more about making money than defending his cases, and "pushed a plea deal." (Doc. 1-1). Although it is not entirely clear from this complaint, it appears that Dr. Brizuela was convicted on one case (later reversed on appeal) but plead guilty to a felony on the other case. It is the guilty plea felony conviction that is keeping him from getting his medical licenses back.

In case 1:22-cv-1252-WIA, he alleges that **Michael DeRiso** was his trial attorney on the federal criminal case that was reversed on appeal. Brizuela argues that DeRiso was ineffective but notes that DeRiso did object to the judge's rulings that were the basis of the successful appeal. Those objections preserved his right to appeal the rulings and ultimately win a reversal. He also alleges that DeRiso did not meet with him sufficiently to prepare and failed to bring up "key points" during the trial.  (Doc. 1-1).

In case 1:22-cv-1257-WIA, he alleges that the **WVU Medical Center** lied about him and defamed him. He claims that the Medical Center was a competitor of his when he was in practice. He does cite any specific statement made or who might have made it, referring only to the "Medical Center." He also accuses the Medical Center of racism and calling him a drug dealer. (Doc. 1-1). Document 1-1, is a two-page letter to the Medical Center. Plaintiff attaches a series of computer printouts and parts of articles (Doc. 1-1, pp. 3-9) but I am unable to discern what they are or why they are relevant to his claim against the Center.

What all these cases have in common is a complete lack of any connection to the Middle District of Pennsylvania. Venue is the legal concept that must govern this decision here in the Middle District.

The Court is permitted to raise the issue of an apparent lack of venue, *sua sponte*. Section 1406(a) of Title 28 of the United States Code provides, in relevant part: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Put plainly, when it appears that a case was brought in the wrong venue, there are two potential remedies available: (1) the Court may dismiss the action for lack of venue; or (2) the Court may transfer the case to the district where it should have been brought.

Page 4 of 7

In this case, venue over this matter appears to lie in the United States District Court for the Northern District of West Virginia and not in the Middle District of Pennsylvania. In order to protect Plaintiff's rights as a *pro se* litigant, I will order that all five of Plaintiff's complaints be transferred to the United States District Court for the Northern District of West Virginia for further proceedings. Such a transfer order avoids any prejudice to Plaintiff which might flow from a dismissal of these actions on venue grounds. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of Plaintiff's claims, thus assuring that he can have this case heard on its merits in the proper forum. *See*, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, I note that:

A motion to transfer venue ... involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D. Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F.Supp. 383 (W.D.N.Y. 1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug. 19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb. 14, 1986). This is true "because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of

federal jurisdiction." <u>Adams v. Key Tronic Corp.</u>, No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

*Berg v. Aetna Freight Lines*, No. 07-1393, 2008 WL 2779294, at * 2 n.1 (W.D. Pa. July 15, 2008). *See, e.g., Brett v. Gertz*, No. 3:12–CV–1429, 2012 WL 4839006 (M.D. Pa. Sept. 12, 2012) report and recommendation adopted, by 2012 WL 4838997 (M.D. Pa. Oct. 10, 2012) (citing *Market Transition Facility of New Jersey v. Twena*, 941 F.Supp. 462 (D.N.J. 1996)); *Holley v. Robinson*, No. 1:10–CV–585, 2010 WL 1837797 (M.D. Pa. Apr. 2, 2010) report and recommendation adopted by 2010 WL 1837793 (M.D. Pa. May 6, 2010) (same); *McManus v. Giroux*, No. 3:13-CV-1729, 2013 WL 3346848, at *2–3 (M.D. Pa. July 2, 2013).

The decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. *See Franklin v. GMAC*, No. 13–0046, 2013 WL 140042, at * 1 n.1 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive . . . A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g., Silong v. United States*, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *1 (S.D.N.Y.

1997) (collecting cases); *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

**CONCLUSION**

For these reasons, this case will be transferred to the United States District Court for the Northern District of West Virginia for all further proceedings. An appropriate order follows.

Date: August 12, 2022                         BY THE COURT

                                              *s/William I. Arbuckle*
                                              William I. Arbuckle
                                              U.S. Magistrate Judge